Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Tom E. Wheeler (SBN 308789)
Yoel S. Hanohov (SBN 318294)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@ toddflaw.com
abacon@ toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
yoel.hanohov@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA SHOWE-GAI, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> ORIGIN TAX & FINANCIAL SERVICES, P.C., and DOES 1 through 10, inclusive, and each of them, <br><br> Defendant. | Case No. <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)] <br> 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)] <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff VICTORIA SHOW-GAI ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

///

## NATURE OF THE CASE

1.     Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of ORIGIN TAX & FINANCIAL SERVICES, P.C. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA") and related regulations, thereby invading Plaintiff's privacy and causing her to incur unnecessary and unwanted expenses.

## JURISDICTION & VENUE

2.     Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a California corporation. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.     Venue is proper in the United States District Court for the Central District of California pursuant to *28 U.S.C. § 1391(b)(2)* because Defendant does business within the State of California and Plaintiff resides within the County of Los Angeles.

## PARTIES

4.     Plaintiff, VICTORIA SHOW-GAI ("Plaintiff"), is a natural person residing in Hawthorne, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5.     Defendant, ORIGIN TAX & FINANCIAL SERVICES, P.C. ("Defendant"), is a public accounting firm, and is a "person" as defined by *47*

CLASS ACTION COMPLAINT

1    *U.S.C. § 153 (39).*

2        6.      The above named Defendant, and its subsidiaries and agents, are

3    collectively referred to as "Defendants." The true names and capacities of the

4    Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are

5    currently unknown to Plaintiff, who therefore sues such Defendants by fictitious

6    names. Each of the Defendants designated herein as a DOE is legally responsible

7    for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the

8    Complaint to reflect the true names and capacities of the DOE Defendants when

9    such identities become known.

10       7.      Plaintiff is informed and believes that at all relevant times, each and

11   every Defendant was acting as an agent and/or employee of each of the other

12   Defendants and was acting within the course and scope of said agency and/or

13   employment with the full knowledge and consent of each of the other Defendants.

14   Plaintiff is informed and believes that each of the acts and/or omissions complained

15   of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

17       8.      Beginning in or around July of 2017, Defendant contacted Plaintiff on

18   Plaintiff's cellular telephone number ending in -1014, in an attempt to solicit

19   Plaintiff to purchase Defendant's services.

20       9.      Defendant used an "automatic telephone dialing system" as defined

21   by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff seeking to solicit its services.

22       10.     Defendant contacted or attempted to contact Plaintiff from telephone

23   numbers confirmed to belong to Defendant, including without limitation (619) 369-

24   4109.

25       11.     Defendant's calls constituted calls that were not for emergency

26   purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

27       12.     Defendant's calls were placed to telephone number assigned to a

28   cellular telephone service for which Plaintiff incurs a charge for incoming calls

CLASS ACTION COMPLAINT

1    pursuant to *47 U.S.C. § 227(b)(1)*.

2         13.    During all relevant times, Defendant did not possess Plaintiff's "prior

3    express consent" to receive calls using an automatic telephone dialing system or an

4    artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. §*

5    *227(b)(1)(A)*.

6         14.    Such calls constitute solicitation calls pursuant to 47 C.F.R. §

7    64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

8         15.    Plaintiff received numerous solicitation calls from Defendant within a

9    12-month period.

10        16.    Upon information and belief, and based on Plaintiff's experiences of

11   being called by Defendant despite having no prior relation to Plaintiff whatsoever,

12   and at all relevant times, Defendant failed to establish and implement reasonable

13   practices and procedures to effectively prevent telephone solicitations in violation

14   of the regulations prescribed under 47 U.S.C. § 227(c)(5).

15                              **CLASS ALLEGATIONS**

16        17.    Plaintiff brings this action individually and on behalf of all others

17   similarly situated, as a member of the proposed class (hereinafter, "The Class"),

18   defined as follows:

19             All persons within the United States who received any
              solicitation/telemarketing    telephone    calls    from
20             Defendant to said person's cellular telephone made
              through the use of any automatic telephone dialing
21             system or an artificial or prerecorded voice and such
              person had not previously consented to receiving such
22             calls within the four years prior to the filing of this
23             Complaint

24        18.    Plaintiff represents, and is a member of, The Class, consisting of all

25   persons within the United States who received any solicitation/telemarketing

26   telephone calls from Defendant to said person's cellular telephone made through

27   the use of any automatic telephone dialing system or an artificial or prerecorded

28

1    voice and such person had not previously not provided their cellular telephone

2    number to Defendant within the four years prior to the filing of this Complaint.

3        19.    Defendant, its employees and agents are excluded from The Class.

4    Plaintiff does not know the number of members in The Class, but believes the

5    Class's members number in the thousands, if not more.  Thus, this matter should

6    be certified as a Class Action to assist in the expeditious litigation of the matter.

7        20.    The Class is so numerous that the individual joinder of all of its

8    members is impractical.  While the exact number and identities of The Class

9    members are unknown to Plaintiff at this time and can only be ascertained through

10   appropriate discovery, Plaintiff is informed and believes and thereon alleges that

11   The Class includes thousands of members.  Plaintiff alleges that The Class

12   members may be ascertained by the records maintained by Defendant.

13       21.    Plaintiff and members of The Class were harmed by the acts of

14   Defendant in at least the following ways: Defendant illegally contacted Plaintiff

15   and The Class members via their cellular telephones thereby causing Plaintiff and

16   The Class members to incur certain charges or reduced telephone time for which

17   Plaintiff and The Class members had previously paid by having to retrieve or

18   administer messages left by Defendant during those illegal calls, and invading the

19   privacy of said Plaintiff and The Class members.

20       22.    Common questions of fact and law exist as to all members of The

21   Class which predominate over any questions affecting only individual members of

22   The Class.  These common legal and factual questions, which do not vary between

23   Class members, and which may be determined without reference to the individual

24   circumstances of any Class members, include, but are not limited to, the following:

25           a.    Whether, within the four years prior to the filing of this

26               Complaint, Defendant made any telemarketing/solicitation call

27               (other than a call made for emergency purposes or made with

28               the prior express consent of the called party) to a Class member

using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

     b.    Whether Plaintiff and The Class members were damaged thereby, and the extent of damages for such violation; and

     c.    Whether Defendant should be enjoined from engaging in such conduct in the future.

23.    As a person that received numerous telemarketing/solicitation calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

24.    Plaintiff will fairly and adequately protect the interests of the members of The Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

25.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class's member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

26.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such

CLASS ACTION COMPLAINT

1 adjudications or that would substantially impair or impede the ability of such non-
2 party Class members to protect their interests.

3       27.    Defendant has acted or refused to act in respects generally applicable
4 to The Class, thereby making appropriate final and injunctive relief with regard to
5 the members of the Classes as a whole.

6                           **FIRST CAUSE OF ACTION**
7       **Negligent Violations of the Telephone Consumer Protection Act**
8                              **47 U.S.C. §227(b).**
9                            **On Behalf of The Class**

10      28.    Plaintiff repeats and incorporates by reference into this cause of action
11 the allegations set forth above at Paragraphs 1-28.

12      29.    The foregoing acts and omissions of Defendant constitute numerous
13 and multiple negligent violations of the TCPA, including but not limited to each
14 and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular
15 *47 U.S.C. § 227 (b)(1)(A)*.

16      30.    As a result of Defendant's negligent violations of *47 U.S.C. § 227(b)*,
17 Plaintiff and the Class Members are entitled an award of $500.00 in statutory
18 damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

19      31.    Plaintiff and The Class members are also entitled to and seek
20 injunctive relief prohibiting such conduct in the future.

21                        **SECOND CAUSE OF ACTION**
22  **Knowing and/or Willful Violations of the Telephone Consumer Protection**
23                                   **Act**
24                              **47 U.S.C. §227(b)**
25                            **On Behalf of The Class**

26      32.    Plaintiff repeats and incorporates by reference into this cause of action
27 the allegations set forth above at Paragraphs 1-28.

28      33.    The foregoing acts and omissions of Defendant constitute numerous

1  and multiple knowing and/or willful violations of the TCPA, including but not

2  limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*,

3  and in particular *47 U.S.C. § 227 (b)(1)(A)*.

4       34.    As a result of Defendant's knowing and/or willful violations of *47*

5  *U.S.C. § 227(b)*, Plaintiff  and The Class members are entitled an award of

6  $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C.*

7  *§ 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

8       35.    Plaintiff and the Class members are also entitled to and seek injunctive

9  relief prohibiting such conduct in the future.

10  **PRAYER FOR RELIEF**

11  WHEREFORE, Plaintiff requests judgment against Defendant for the following:

12  **FIRST CAUSE OF ACTION**

13  **Negligent Violations of the Telephone Consumer Protection Act**

14  **47 U.S.C. §227(b)**

15  • As a result of Defendant's negligent violations of *47 U.S.C.*

16  *§227(b)(1),* Plaintiff and The Class members are entitled to and

17  request $500 in statutory damages, for each and every violation,

18  pursuant to *47 U.S.C.  227(b)(3)(B)*.

19  • Any and all other relief that the Court deems just and proper.

20

21  **SECOND CAUSE OF ACTION**

22  **Knowing and/or Willful Violations of the Telephone Consumer Protection**

23  **Act**

24  **47 U.S.C. §227(b)**

25  • As a result of Defendant's willful and/or knowing violations of *47*

26  *U.S.C. §227(b)(1)*, Plaintiff and The Class members are entitled to

27  and request treble damages, as provided by statute, up to $1,500, for

28  each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47*

CLASS ACTION COMPLAINT

1    *U.S.C. §227(b)(3)(C).*

2         • Any and all other relief that the Court deems just and proper.

3                          **JURY DEMAND**

4         36.    Pursuant to the Seventh Amendment to the Constitution of the United

5    States of America, Plaintiff is entitled to, and demands, a trial by jury.

6

7         Respectfully Submitted this 23rd Day of May, 2018.

8                          LAW OFFICES OF TODD M. FRIEDMAN, P.C.

9

10                    By:   /s/ Todd M. Friedman
                            Todd M. Friedman
11                          Law Offices of Todd M. Friedman
                            Attorney for Plaintiff
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

CLASS ACTION COMPLAINT